UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 23-00298-5-DMW |
| | ) | |
| XUHUI LISA DAVIDSON, | ) | Chapter 7 |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| AXOS BANK | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. _____ |
| vs. | ) | |
| | ) | |
| XUHUI LISA DAVIDSON, | ) | **COMPLAINT** |
| Defendant | ) | |
| _____ | ) | |

NOW COMES Axos Bank complaining of the Defendant as follows:

**PARTIES AND JURISDICTION**

1. Axos Bank is a federally chartered savings and loan association.

2. Upon information and belief, the Defendant is an individual resident of Raleigh, Wake County, North Carolina, and is neither an infant nor incompetent.

3. The Defendant commenced her underlying bankruptcy case by the filing of a Chapter 7 petition on February 2, 2023.

4. Among other things, this is an adversary proceeding pursuant to 11 U.S.C. Section 523 of the Bankruptcy Code objecting to the dischargeability of Axos Bank's particular debt as set forth below.

5. This matter is a core proceeding, and the Bankruptcy Court for the Eastern District of North Carolina has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. § 151, 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. §523. Venue in this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

6. On or about June 9, 2022, the Defendant applied for a personal (unsecured) loan with Axos Bank in the amount of $50,000 for the stated purpose of doing home improvements to her then-residence located at 1512 Gracie Girl Way in Wake Forest, Wake County, North Carolina.

7. In support of her loan request, the Defendant stated that she had been employed full time with Red Hat since Jun 7, 2004, with a current gross income of $11,000.00 per month.

8. In making its credit decision on the Defendant's requested loan, Axos Bank verified the Defendant's employment and income, pulled her credit report(s), did an analysis of the Defendant's assets and. liabilities, and determined that the Defendant's debt to income ratio was 36.95%.

9. Axos Bank also confirmed the Defendant's current ownership of her residence, valued at $534,000 with a loan to value ratio of 75%.

10. An Axos Bank employee also telephoned the Defendant about the specific home improvements to be made with the requested loan, at which time the Defendant stated she intended to use the loan proceeds to install a pool at her residence.

11. In reliance on the Defendant's express representations regarding her income and the intended use of the loan proceeds, Axos Bank approved the Defendant's loan application and funded the requested personal loan on the terms set forth on the Promissory Note attached hereto as Exhibit 1.

12. Pursuant to the terms of the Promissory Note, the Defendant agreed to make monthly payments to Axos Bank in the amount of $996.92 each beginning July 10, 2022.

13. The Defendant subsequently made some but not all of the agreed upon payments and filed her underlying Chapter 7 bankruptcy case on February 2, 2023. See Exhibit 2.

14. As of the petition date, the outstanding principal balance owed to Axos Bank under the Promissory Note was $47,237.24, with interest accruing thereon at the rate of 7.71% *per annum* from January 10, 2023, plus $60.00 in accrued unpaid late fees.

15. In reviewing the Defendant's Schedule E/F, she now states that the loan she obtained from Axos Bank was a "business" loan.

16. Further, on information and belief, the Defendant listed her residence for sale only approximately 30 days from the date Axos Bank funded the $50,000 "pool" loan to the Defendant and sold her residence on August 31, 2022.

17. At the same time, the Defendant's Schedule I lists the Defendant's income as only $9,134.64 per month notwithstanding that her Statement of Financial Affairs shows her 2022 annual income as $131,228.38 ($11,019/month) and her Schedule I states that she continues in her same position with Red Hat.

18. The Defendant's Schedule E/F further reveals that in June 2022, contemporaneously with obtaining the Axos Bank loan, the Defendant was also in the process of obtaining the following additional "business" loans, none of which were disclosed to Axos Bank:

      a.      loan with Lightstream with a petition date balance of $44,123

      b.      loan with Sofi with a petition date balance of $48,798

      c.      loan with Upgrade with a petition date balance of $35,928

      d.      loan with Wells Fargo with a petition date balance of $46,113

19. In addition, the Defendant's Schedule E/F also reflects the following additional "business loans" owed by the Defendant as of the petition date, none of which were disclosed to Axos Bank, although it is admittedly unclear whether these loans were obtained by the Defendant before or after she obtained the loan from Axos Bank:

      a.      Bankers Healthcare Group with a petition date balance of $64,583.51

      b.      Fangyun Zhang with a petition date balance of $50,000

      c.      William Eden Cohen with a petition date balance of $19,000

      d.      Xianpeng Cai with a petition date balance of $18,200

      e.      Zhongjie Han with a petition date balance of $4,000

20. The Defendant's Schedule A/B and Statement of Financial Affairs reveal that at the time the Defendant obtained the "pool" loan from Axos Bank, she was heavily involved in "investing" in a bitcoin and cryptocurrency scam in which she claims she was ultimately fleeced out of thousands of dollars, including all of the monies she borrowed from "friends and loan companies."

## FIRST CLAIM

## BREACH OF CONTRACT

21. The allegations contained in paragraphs 1 through 20 are incorporated by reference herein.

22. The Defendant's failure to timely make the monthly payments to Axos Bank under the attached Promissory Note constitutes a material breach by the Defendant thereof.

23. As of the petition date, there remained an outstanding principal balance due under the Promissory Note of $47,237.24, with interest accruing thereon at the rate of 7.71% *per annum* from January 10, 2023, plus $60.00 in accrued unpaid late fees.

24. Pursuant to the terms of the Promissory Note, the Defendant also agreed to reimburse Axos Bank for any costs incurred in collecting the balance due under the Promissory Note, including reasonable attorney's fees. In accordance with N.C.G.S. §6-1.2, Axos Bank hereby makes demand on the Defendant to pay such balance due and gives notice of its intention to enforce the provisions for payment of attorney's fees in the Promissory Note. See Exhibit 2. In the event the Defendant fails to timely pay the above-described balance due, Axos Bank will therefore also be entitled to recover attorney's fees from the Defendant in the presumptively reasonable amount of $7,085.59 (15% of the principal balance due).

25. Axos Bank has performed, or there have occurred, all conditions precedent to Axos Bank's recovery as sought herein.

## SECOND CLAIM

## FRAUD AND MISREPRESENTATION

26. The allegations contained in paragraphs 1 through 25 are incorporated by reference herein.

27. The Defendant's direct representations to Axos Bank concerning her monthly income and her intended use of the loan proceeds to install a pool at her

residence were material statements of fact made by the Defendant to Axos Bank that, on information and belief, were false when made.

28. On information and belief, such false representations were made by the Defendant to Axos Bank with the specific intent to deceive Axos Bank and thereby induce it to make the personal loan in question to the Defendant.

29. Axos Bank reasonably relied on such false representations by the Defendant and would not have made the personal loan to the Defendant had it known of the falsity of such representations.

30. As a direct and proximate result of such fraudulent representations, Axos Bank has suffered monetary damage in the amount of the unpaid balance owed under the Promissory Note, plus interest and late fees as provided for therein, which the Defendant now intends to try and discharge as a wholly unsecured debt in her underlying bankruptcy case.

31. The Defendant's actions as described above were willful, wanton and in reckless disregard of Axos Bank, thereby further entitling it to recover punitive damages from the Defendant in an amount to be determined at trial.

### THIRD CLAIM

### NON-DISCHARGEABILITY

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference herein.

33. Based on the facts set forth above, the debt owed by the Defendant to Axos Bank should be treated as non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). As set forth above, (i) the Defendant made one or more material misrepresentations of fact to

Axos Bank which the Defendant knew to be false at the time, (ii) the Defendant made those material misrepresentations of fact with the intent to deceive Axos Bank and thereby induce it to make her the personal loan in question, (iii) Axos Bank reasonably relied on those material misrepresentations of fact by the Defendant in making the decision to approve the Defendant's request for the personal loan from Axos Bank, and (iv) Axos Bank has suffered substantial financial harm as a direct and proximate result of the same.

WHEREFORE, Axos Bank prays unto the Court as follows:

1. It have and recover judgment against the Defendant for actual damages in the principal sum of $47,237.24, with interest accruing thereon at the rate of 7.71% *per annum* from January 10, 2023, plus $60.00 in accrued unpaid late fees.

2. It also have and recover judgment against the Defendant for punitive damages in an amount to be determined at trial.

3. It also have and recover judgment against the Defendant for $7,085.59 in reasonable attorneys' fees incurred in connection with this matter.

4. The Court declare the above amounts owed by the Defendant to Axos Bank to be non-dischargeable in the Defendant's underlying bankruptcy case.

5. The Court tax the costs of this action against Defendant.

6. The Court grant Axos Bank such other and further relief as the Court may deem just and proper.

This 5th day of May, 2023.

                KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.

        By: s/    *Pamela P. Keenan*
                Pamela P. Keenan, NC State Bar No. 20328
                Attorneys for Axos Bank
                2714 Benson Drive
                Raleigh, NC  27609
                Telephone:  (919) 848-0420
                Facsimile:   (919) 848-8755
                Email: pkeenan@kirschlaw.com